# Richmond.

AYLETT, TRUSTEE, v. WALKER AND OTHERS.

FEBRUARY 6, 1896.

1. PLEADING—*Assignor and Assignee—Common Partner in Debtor and Creditor Firms—Action by Assignee.*—The assignee of a non-negotiable chose in action may, under section 2860 of the Code, maintain thereon in his own name any action which his assignor might have maintained, but, where the debtor and creditor are firms in which there are one or more common partners, no action at law can be maintained in the name of the assignee of the chose, as none could have been maintained by his assignors.

Error to a judgment of the Circuit Court of King and Queen county, rendered June 6, 1893, in an action of *assumpsit*, wherein the plaintiff in error was the plaintiff, and the defendants in error were the defendants.

*Affirmed.*

This was an action of *assumpsit* in the name of William R. Aylett, trustee in a deed of trust from T. N. Walker, John Lamb, and H. Barrow, late partners under the style and firm of Walker, Lamb & Co., on an open account, against T. N. Walker, John Lamb, E. A. Saunders, and Thomas F. Pollard, partners under the style and firm of T. N. Walker & Co. The defendants pleaded " *non assumpsit*," " payment," and " set-off," and the defendants Saunders and Pollard severally filed special pleas, setting out the fact that their codefendants, Walker and Lamb, were also members of the firm of Walker, Lamb & Co., assignors of the plaintiff, and hence

the action could not be maintained.. The plaintiff took issue on the general pleas, and objected to the reception of the special pleas. The objection to the special pleas being overruled, the plaintiff excepted. He thereupon demurred to the special pleas, and, his demurrer being overruled, he took issue on these also; and, the whole matter of law and of fact being submitted to the court, it rendered judgment for the defendants, without prejudice to the right of the plaintiff to assert his claim in a court of equity.

The court certified " that the only fact proved in the cause was that John Lamb and T. N. Walker are the identical persons composing in part the firm of Walker, Lamb & Co. and T. N. Walker & Co., at the time the items in account in the declaration mentioned were contracted, and also at the time the said Walker, Lamb & Co. made the said deed to William R. Aylett, trustee, as aforesaid." But there was evidence in the record tending to show the correctness of the account sued on; and the deed to Aylett, trustee, was also shown in evidence.

*Pollard & Sands*, for the plaintiff in error.

*Claggett B. Jones*, for the defendants in error.

KEITH, P., delivered the opinion of the court.

This case is before us upon a writ of error to a judgment of the Circuit Court of King and Queen county, rendered in an action of trespass on the case in *assumpsit*, wherein William R. Aylett, trustee in a deed of trust from T. N. Walker, John Lamb, and H. Barrow, partners trading as Walker, Lamb & Co., was plaintiff, and T. N. Walker, John Lamb, E. A. Saunders, and Thomas F. Pollard, trading as T. N. Walker & Co., were defendants.

The only question presented to us by the plaintiff in error arises upon the plea offered by the defendants, in the following words:

"Thomas F. Pollard, one of the defendants in the above-styled suit, comes and says that Thomas N. Walker and John Lamb, members of the plaintiff firm of Walker, Lamb & Co., who sue by trustee, W. R. Aylett, in a deed of trust dated January 14, 1891, from Thomas N. Walker, John Lamb, and Howell Barrow, a certified copy of which is herewith filed as a part of this plea, are the identical Thomas N. Walker and John Lamb, members of the defendant firm of Thomas N. Walker & Co., and, as such, being plaintiffs and defendants in the same suit, cannot sue each other at law, and this the said defendant is ready to verify." To the filing of this plea plaintiff objected, and the ruling of the court permitting it to be filed over his objection constitutes the subject of the bill of exceptions which is now to be considered.

At common law a person could not, in the same action, be both plaintiff and defendant. This, we think, is too well established to need any citation of authority in its support.

It will be observed, however, that the suit before us is in the name not of the firm with which the contract which is the basis of this suit was entered into, and which was in part composed of individuals who were members also of the firm charged as defendants, but is in the name of its assignee, and it is contended that, the inability to sue being merely personal, the difficulty was removed by the assignment, and that, by virtue of section 2860 of the Code, the action may be maintained in the name of the assignee.

That the common law principle, above referred to, rests upon a mere personal disability, which is relieved by the assignment, is sustained by many text-writers and adjudicated cases of much respectability; while the contention of the defendant in error, that the trouble is more radical, and affects

the capacity of firms composed in whole or in part of the same persons to make contracts with each other, enforceable under any circumstances in a court of law, seems to be not without authority in its support. We do not deem it necessary to decide this contention.

The suit here is upon an open account. Without doubt the assignor could not have maintained an action upon it in his own name at common law, and his power to do so is wholly dependent upon the terms of section 2860. That section, or so much of it as is material here, is in the following words :

" The assignee or beneficial owner of any bond, note, writing, or other chose in action, not negotiable, may maintain thereon in his own name any action which the original obligee, payee, or contracting party might have brought."

In the case before us, as it is clear that at common law the assignor of the plaintiff could not have maintained this suit, and by virtue of the statute his assignee is clothed with just such capacity to sue as existed at common law in his assignor, he is vested with power to institute such actions, and such actions only, as his assignor could have maintained ; and as the assignor firm in this case could not have sued the defendant firm at law, it could by assignment create in, or communicate to, its assignee no other or greater power than that enjoyed by it before the assignment. It may be that the purpose of the section was to confer upon the assignee power to sue in his own name in every case, and that no exception was intended as to contracting parties related to each other, as are the firms named in the plea under consideration. However that may be, the language of the statute is broad enough to embrace them, and the effect of the plea must be measured and determined by the statute.

We think there was no error in the judgment of the Circuit Court, which is therefore affirmed.

*Affirmed.*