SKEEN *v.* GLOWER *et al.*

BECK, P. J. 1. Where a purchaser of lands that are subject to the lien of a security deed previously executed by the grantor under seal, to secure his note given under seal, takes a warranty deed which recites that he as purchaser assumes the indebtedness evidenced by the note and secured by the lien, as a part of the purchase-price, such recital constituting the only evidence of the assumption of such debt, and the purchaser fails to pay off and discharge the indebtedness and lien, and is sued by his grantor for the amount paid by him in satisfaction of a deficiency judgment obtained against him by the payee and holder of the note, who has first exhausted the security by a sale of the land, the period of limitations applicable to such an action by the grantor against

the purchaser is twenty years, the covenant binding upon the purchaser being in an instrument under seal (*Kytle* v. *Kytle*, 128 *Ga.* 387 (57 S. E. 748), and cit.); whereas in *Atlanta, Knoxville & Northern Ry. Co.* v. *McKinney*, 124 *Ga.* 929 (53 S. E. 701, 6 L. R. .A. (N. S.) 436, 110 Am. St. R. 215), the deed was not under seal.

2. The obligation of the grantee in the deed referred to was to discharge the lien of a security deed previously executed by the grantor under seal, which had been given to secure the payment of the grantor's note; and when the grantee failed to pay this note and discharge the lien at the maturity of the note, there was a breach of the covenant contained in the deed, and the statute began to run from that date.

*All the Justices concur.*

No. 8419.   FEBRUARY 25, 1932.

*P. K. Burns* and *L. P. Skeen,* for plaintiff in error.
*Watkins, Asbill & Watkins* and *B. C. Broyles,* contra.