21029. SKEEN *v.* GLOWER *et al.*

JENKINS, P. J. Plaintiff's intestate sold a tract of land which was subject to the lien of a security deed previously executed by plaintiff's intestate to secure his note, given under seal, the defendant purchaser, by the terms of the deed of conveyance made to him under seal by plaintiff's intestate, assuming and agreeing to pay the outstanding note secured by the deed to the land. The note was not paid at maturity, the property was sold "under the security deed" for less than the amount of the note, and the holder of the note obtained judgment against the plaintiff administrator for the deficiency, which has been paid by the plaintiff. The instant suit is brought against the grantee in the conveyance made by plaintiff's intestate, who assumed the outstanding indebtedness against the land, to recover the amount of the deficiency judgment paid by plaintiff. A general and special demurrer was overruled, and the defendant excepted. *Held:*

1. The petition alleged a breach by the defendant of a covenant under seal contained in the deed of conveyance to him, and set forth a cause of action good as against general demurrer.

2. Under the answers returned by the Supreme Court to the questions certified to it in this case (174 *Ga.* 510, 162 S. E. 917), the period of limitations applicable to the instant suit was twenty years, and the statute began to run from and after the maturity of the note executed by the defendant's grantor, and which the defendant assumed and agreed to pay in the conveyance under seal of the land to him. Since the suit was brought within the period of limitations applicable, the action was not barred by the statute of limitations.

3. The ground of special demurrer, that no copy of the defendant's assumption of the indebtedness against the land was set forth by the petition, was met by amendment.

4. The ground of special demurrer, that the allegations of the petition with reference to the previous sale of the land "under the security deed," were too vague and indefinite is without merit, since the petition sufficiently charged a breach by the defendant of the covenant contained in the conveyance of the land to him, which gave rise to the cause of action, in that it alleged a failure of the defendant to pay the indebtedness which he assumed upon its maturity. Presumably, the defendant went into possession of the property under the terms of the conveyance, and if the sale under the security deed was improperly conducted it was a matter to be pleaded in defense.

5. The court did not err in overruling the grounds of the general and special demurrer.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED MARCH 17, 1932.

*P. K. Burns, L. P. Skeen,* for plaintiff in error.
*Watkins, Asbill & Watkins, B. C. Broyles,* contra.