## NATIONAL MORTGAGE CORPORATION *v.* BULLARD.

No. 9725. FEBRUARY 16, 1934. REHEARING DENIED MARCH 3, 1934.

*John P. Stewart,* for plaintiff.  *Howell, Heyman & Bolding,* for persons at interest.

*Tye, Thomson & Tye, R. A. Edmondson Jr.,* and *Edwin L. Sterne,* for defendant.

BELL, J.  National Mortgage Corporation brought a suit against Mrs. J. B. Wells, J. B. Wells, and M. M. Bullard, to recover on an alleged indebtedness claimed to be due as a balance on promissory notes.  Bullard interposed a general demurrer, which the court sustained, dismissing the petition as to that defendant, and the plaintiff excepted.  The suit at first appeared to be a mere action at law, but was amended so as to seek the aid of the court as a court of equity for the recovery of a judgment against M. M. Bullard as one who had assumed the debt upon the purchase of certain property from Mrs. Wells.  The petition alleged substantially the following facts:  On September 1, 1926, Mrs. Wells as maker and J. B. Wells as indorser executed notes for a stated sum to Mortgage Guarantee Company of America, and in connection therewith Mrs. Wells executed to the payee a deed in which she conveyed as security for the indebtedness a described tract of land.  The payee later transferred to the plaintiff the notes together with all rights under the security deed.  On July 1, 1930, Mrs. Wells sold and conveyed the property to M. M. Bullard, executing to him a warranty deed which contained the stipulation. that "the purchaser agrees to assume and pay the loan, dated September 1, 1926, recorded in deed book 1027, page 21, signed by Mrs. J. B. Wells in favor of Mortgage Guarantee Company of America, maturing September 1, 1931, for $17,000."  Upon a subsequent default in the payment of the indebtedness, National Mortgage Corporation elected to declare the entire amount due under an accelerative clause, and proceeded to exercise a power of sale contained in the security deed, the corporation being purchaser at the sale.

Bullard contends that his demurrer was rightly sustained, on the theory that under the law of this State he held the land as a trustee for the creditor; and that upon this theory alone is a suit in equity permitted in this jurisdiction against one in his position, insisting further that the creditor and security holder in causing the "trust property" to be sold under the power of sale has destroyed the res

of the trust, rendering itself powerless to do equity in the cause, and has therefore lost or extinguished its equitable remedy against this defendant as trustee. There is no merit in this contention. As a general rule, the action on a contract, whether express or implied, or whether by parol or under seal, or of record, must be brought in the name of the party in whom the legal interest in such contract is vested. Civil Code (1910), § 5516. But where a debtor conveys his property to another, and as a part of the transaction the purchaser agrees to assume and pay the debts of the vendor, a creditor of the vendor may have a remedy against the vendee in an equitable proceeding. *First National Bank* v. *Rountree,* 173 *Ga.* 117 (159 S. E. 658). Under this well-recognized exception to the general rule as stated in the Code, where an owner of land conveys to a creditor a tract of land as security for the indebtedness, and the grantor thereafter sells and conveys the land to a third person by a deed containing the stipulation that the purchaser "agrees to assume and pay" the indebtedness, the grantee in the security deed or his transferee may enforce the assumption agreement of the purchaser by a suit in equity with proper pleadings and parties. *Reid* v. *Whisenant,* 161 *Ga.* 503, 508 (131 S. E. 904, 44 A. L. R. 599) ; *Manget* v. *National City Bank,* 168 *Ga.* 876 (149 S. E. 213) ; *O'Leary* v. *Costello,* 169 *Ga.* 754 (151 S. E. 487) ; *Sheppard* v. *Bridges,* 137 *Ga.* 615 (74 S. E. 245) ; *Crawford* v. *Wilson,* 139 *Ga.* 654 (78 S. E. 30, 44 L. R. A. (N. S.) 773). The fact that prior thereto the grantee or his transferee exercised a power of sale contained in the security deed would not destroy the right of either to bring suit against the grantor and his purchaser, who assumed the debt, to recover the amount due after crediting the proceeds of the sale, no question being involved as to the fair exercise of the power of sale. In *Morgan* v. *Argard,* 148 *Ga.* 123, 124 (95 S. E. 986), it is stated that "practically all of the American courts permit a suit at law or in equity by the vendor against the maker of the purchase-money notes and his vendee, either (1) upon the broad ground that if one person makes a promise upon a valuable consideration for the benefit of a third person, the third person may maintain an action on the promise; or (2) upon the theory of equitable subrogation, by which a creditor is entitled to all the collateral securities which his debtor has obtained to reinforce the primary obligation." See also *Reid* v. *Whisenant,* supra. In this State the

creditor is limited to a suit in equity. *Sheppard* v. *Bridges,* supra, and cit. In Codman *v.* Deland, 231 Mass. 344 (121 N. E. 14), it was said: "When a grantee in a deed assumes and agrees to pay a mortgage on the property conveyed, he takes upon himself the burden of the debt or claim secured by the mortgage, and as between himself and his grantor he becomes the principal and the latter merely a surety for the payment of the debt. The mortgagee is not bound by such an agreement unless he assents to it." This statement was approved by this court in the recent case of *Stapler* v. *Anderson,* 177 *Ga.* 434 (170 S. E. 498). The creditor by bringing suit against the assumer confirms and adopts the transaction between him and the original debtor.

The Supreme Court of the United States has sanctioned a proceeding in equity such as is permitted in this State. The decision in Keller *v.* Ashford, 133 U. S. 610 (10 Sup. Ct. 494, 33 L. ed. 667), states the applicable principles and the nature of the proceeding, as follows: "This result has been attained by a development and application of the ancient and familiar doctrine in equity that a creditor shall have the benefit of any obligation or security given by the principal to the surety for the payment of the debt. The doctrine of the right of a creditor to the benefit of all securities given by the principal to the surety for the payment of the debt does not rest upon any liability of the principal to the creditor, or upon any peculiar relation of the surety towards the creditor; but upon the ground that the surety, being the creditor's debtor, and in fact occupying the relation of surety to another person, has received from that person an obligation or security for the payment of the debt, which a court of equity will therefore compel to be applied to that purpose at the suit of the creditor. Where the person ultimately held liable is himself a debtor to the creditor, the relief awarded has no reference to that fact, but is grounded wholly on the right of the creditor to avail himself of the right of the surety against the principal. If the person, who is admitted to be the creditor's debtor stands, at the time of receiving the security, in the relation of surety to the person from whom he receives it, it is quite immaterial whether that person is or ever has been a debtor of the principal creditor, or whether the relation of suretyship or the indemnity to the surety existed, or was known to the creditor, when the debt was contracted. In short, if one person agrees with an-

other to be primarily liable for a debt due from that other to a third person, so that as between the parties to the agreement the first is the principal and the second the surety, the creditor of such surety is entitled, in equity, to be substituted in his place for the purpose of compelling such principal to pay the debt." This statement by the highest court is most aptly adjusted to the principles ruled by this court in *Stapler* v. *Anderson,* supra, so far as it deals with the relations and obligations of the parties, and, among the several theories mentioned by the courts, it declares what is probably the most logical basis for an action of this kind. See also Johns *v.* Wilson, 180 U. S. 440 (21 Sup. Ct. 445, 45 L. ed. 613) ; Crowell *v.* St. Barnabas Hospital, 12 C. E. Green (N. J.) 650 ; 19 R. C. L. 374, § 145.

If there was a fair exercise of the power of sale, the holder of the security deed still had a remedy against the original debtor for the balance due; for as a matter of contract the exercise of the power of sale did not affect the debt except to reduce the same by the net amount at which the property was sold. Nor as between the debtor and the assumer is the obligation of the latter at all affected, except to the same extent. Despite the sale, the maker is still liable to the holder of the notes for the balance due, and the assumer is still responsible to the maker for its payment. *Williams* v. *Moody,* 95 *Ga.* 8 (22 S. E. 30) ; *Spears* v. *Scott,* 111 *Ga.* 745, 749 (36 S. E. 950) ; *Skeen* v. *Glower,* 174 *Ga.* 510 (162 S. E. 917), s. c. 45 *Ga. App.* 121 (163 S. E. 611). As between the two last named, the assumer was and is the person primarily obligated, it being necessarily true that the liability continues, since the sale in case of default was contractually in contemplation of each of these parties. If the sale has not discharged the obligation as between the parties to the assumption agreement, it is difficult to see why the creditor may not enforce the same, as before, in a court of equity. There has resulted no change in the relationships, and nothing has otherwise occurred except what each party must have foreseen as a result of a default, which event the assumer promised the debtor he would not permit to happen. His own breach and default having vitalized the power of sale, he can not profit by its exercise.

It is contended by the defendant in error that under the English rule a creditor can not sue a third person who has assumed the debt, unless the latter has become a trustee as to such creditor, and that

under the law of this State the English rule is applicable. It is thus argued that upon a sale of the property or the res the relation of trustee is extinguished, and the right of action accordingly fails. This is not the theory upon which actions of this character have been sustained in this State. The English rule as to when a creditor may sue a third person was explained and distinguished in *Sheppard* v. *Bridges,* supra; and while the decision in *Morgan* v. *Argard,* supra, stated that we recognize the rule in Georgia, it was clearly implied in that decision that we do not follow it in all instances nor except as indicated in the general statement contained in the Civil Code (1910), § 5516. After stating this much in recognition of the English doctrine, the decision in that case proceeds as follows: "But where a debtor has conveyed his property to another, and as a part of the transaction the purchaser has agreed to assume and pay the debts of the vendor, a creditor of the latter has a remedy in equity, with proper pleadings and parties. . . So far as we are aware, all our decisions proceed upon the basis that the purchaser of property, by virtue of his agreement with his vendor, occupied the position of a trustee to pay the debts of the vendor, and that it was proper for the creditor of the vendor to go into equity to enforce this agreement." The assumer may hold the property as a trustee of the *debtor* for the purpose of paying the debt; but this is not to say that he is a trustee of the *creditor*. *Bell* v. *McGrady,* 32 *Ga.* 257; *Dallas* v. *Heard,* 32 *Ga.* 604; *O'Leary* v. *Costello,* supra. This court has never held that such a relation existed with reference to the creditor under facts such as appear in this record, nor that the relation is essential to a recovery in equity in cases of this kind. Here the defendant has so far neglected the trust which he did assume that his vendor is being sued for the very indebtedness which he agreed to pay; and having failed to discharge the only trust for which he ever became responsible, he can not complain because of any consistent remedy which the security holder may have employed in consequence of his default, whether against himself or against the property. See, in this connection, Willard v. Worsham, 76 Va. 392; Osborne v. Cabell, 77 Va. 462; 21 A. L. R. 439, 504; 47 A. L. R. 339; 41 C. J. 752.

The court erred in sustaining the demurrer and dismissing the petition. *Judgment reversed. All the Justices concur.*