20183. ALEXANDER *v.* DINWIDDIE *et al.*

CANDLER, Justice. On July 13, 1957, John P. Skandalakis sold and by bill of sale conveyed to Charles A. Alexander all of the assets of a business he owned and operated in Cobb County under the name and style of "The Tavern," for a consideration of $22,625. The purchase price was arranged by the payment of $2,000 in cash, by a series of twenty-five notes for $200 each, payable monthly, and by Alexander's written agreement to pay the remaining $15,655 to the business creditors of Skandalakis in full satisfaction of his business

debts. One item of indebtedness that he agreed to pay was listed in the written agreement as being $2,525 due Bud C. Wallace. On December 13, 1957, C. P. Dinwiddie and W. C. Wallace d/b/a Wallace Novelty Shop filed a suit against John P. Skandalakis and Charles A. Alexander on a note which Skandalakis had given them of May 6, 1957, alleging that there was a balance due on it of $2,090 as principal, besides interest at 8% on that amount since August 12, 1957, and 10% on the total balance of principal and interest as attorney's fees, and they prayed judgment against the defendants for those amounts. An amendment to the petition alleges that the note sued on was an obligation which Skandalakis incurred in connection with the business he operated under the name and style of "The Tavern," and it is in truth and in fact the one which the defendant Alexander assumed and agreed to pay when he purchased the assets of "The Tavern" from the defendant Skandalakis, but it was listed in the writing as one due "Bud C. Wallace," when both the seller and the purchaser intended for the item so listed to be an assumption of the obligation sued on. The amendment also alleges that the defendant Skandalakis has no property in the State of Georgia; that he has absconded from the State and from the United States, and that the plaintiff's rights cannot be adequately protected unless a court of equity impresses a trust in their behalf upon the assets conveyed to the defendant Alexander, and there is a prayer for such equitable relief, and that any judgment rendered in the cause be declared and decreed a special lien to the extent of their obligation on the property so conveyed to him by the defendant Skandalakis. The amended petition was demurred to by the defendant Alexander on the ground that it failed to state a cause of action against him for any of the relief sought. His demurrer was overruled, and he excepted to that judgment. *Held:*

1. The consideration of a contract may be inquired into when the principles of justice require that it be done. Code § 29-101; *Martin* v. *White,* 115 *Ga.* 866 (3) (42 S. E. 279) ; *Coldwell Co.* v. *Cowart,* 138 *Ga.* 233 (75 S. E. 425). The allegations of the amended petition in the instant case are sufficient to show a necessity for an application of this rule.

2. As a general rule, an action on a contract, whether express or implied, or whether by parol or under seal, or of record, must be brought in the name of the party in whom the legal interest

in such contract is vested, and against the party who made it. Code (Ann.) § 3-108. But where a debtor conveys property to another person, and the vendee as a consideration, in whole or in part therefor, agrees to pay the debts of the vendor, a creditor of the vendor may enforce the assumption agreement against the vendee by a suit in equity with proper pleadings and parties. Such a vendee takes the assets cum onere, impressed with a trust in favor of the creditor. *First Nat. Bank of Quitman* v. *Rountree*, 173 *Ga.* 117 (159 S. E. 658); *National Mortgage Corp.* v. *Bullard*, 178 *Ga.* 451 (173 S. E. 401); *Belle Isle* v. *Moore*, 190 *Ga.* 881 (10 S. E. 2d 923).

3. Applying the above stated rules to the allegations of the amended petition, it stated a cause of action against the defendants for the relief sought, and the trial judge did not err in overruling the defendant Alexander's general demurrer.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 8, 1958—DECIDED OCTOBER 10, 1958.

*Vernon W. Duncan,* for plaintiff in error.
*Reed, Ingram & Flournoy, Robt. E. Flournoy, Jr.,* contra.