42356. GERSON v. HALEY et al.

Argued October 4, 1966—Decided November 14, 1966.

*Rose & Silverman, George S. Stern,* for appellant.

*Talley Kirkland, Tarleton & Zion,* for appellees.

FELTON, Chief Judge. "[W]here a debtor conveys property to another person, and the vendee as a consideration, in whole or in part therefor, agrees to pay the debts of the vendor, a creditor of the vendor may enforce the *assumption agreement* against the vendee by a suit in equity with proper pleadings and parties. Such a vendee takes the assets cum onere, impressed with a trust in favor of the creditor. [citations]." (Emphasis supplied.) *Alexander v. Dinwiddie,* 214 Ga. 441, 443 (2) (105 SE2d 451); *Code Ann.* § 3-108, as amended by Ga. L. 1949, p. 455. Even if the *Alexander v. Dinwiddie* case, supra, which was decided subsequently to the 1949 amendment to *Code* § 3-108, makes all third party beneficiary actions equitable proceedings, where assumption agreements alone form the basis of the actions, the present suit was properly brought as an action at law, since it seeks to recover, not on the assumption agreement between the maker of the note, Burrell, and the defendants, but rather on the note itself and the contract between the plaintiffs and the defendants, whereunder the latter promised to pay the balance of the indebtedness on the note. Since the latter contract created a debtor-creditor relationship between the parties plaintiff and defendant, the requisite privity of contract exists without the joining of the maker of the note as a party, without whom the plaintiff's claim can still be adjudicated.

Regardless of whether the applicable statute of limitation period was six or twenty years, or whether it be based upon the note itself or the contract to assume payments on the note, it had not expired as of the date of the filing of the action,

since there was no breach of the contract, out of which the action could arise, until after the defendants' alleged last payment on February 7, 1962.

The petition as amended alleged a good cause of action and the court did not err in its judgment overruling the renewed and additional general and special demurrers thereto.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*