## CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND JAMES CITY COUNTY

Williamsburg West
Limited Partnership et al.

v.

Franklin/Southampton
Cablevision Co. et al.

Case No. (Chancery) 8129


Williamsburg East
Limited Partnership et al.

v.

Franklin/Southampton
Cablevision Co. et al.

Case No. (Chancery) 8130

February 25, 1991

By JUDGE WILLIAM L. PERSON, JR.

The plaintiffs in both suits seek declaratory judgment for the alleged failure of the defendant partners to provide additional capital under the terms of the respective partnership agreements for Williamsburg East and Williamsburg West. The Court has permitted the plaintiffs to amend their complaints to add requests for judicial dissolution of the partnerships. This matter is before the Court on the defendants' motions to dismiss the plaintiff partnerships as parties and the defendants' demurrers to the plaintiffs' first amended bill of complaint. The defendants

contend that the partnerships are not proper plaintiffs in these cases and that the appropriate legal action between partners is for a dissolution and accounting. For the reasons stated herein, the defendants' motion is hereby granted.

Virginia has long adhered to the common law rule that a partnership cannot sue one of its partners. In every partnership there is a community of interest and control over partnership property between and among the partners. Due to the existence of this community of interest, each partner is deemed to be a co-principal and agent of all other partners. *Collingworth v. Pollard*, 201 Va. 498, 505, 111 S.E.2d 810 (1960); *Cooper v. Knox*, 197 Va. 602, 90 S.E.2d 844 (1956); *Shield v. Adkins & Co.*, 117 Va. 616, 85 S.E. 492 (1915). The community of interest thus prevents a partnership from bringing suit against one of its partners. *See, Aylett v. Walker*, 92 Va. 540, 24 S.E. 226 (1896); *Strother's Administratrix v. Strother*, 106 Va. 420, 56 S.E. 170 (1907).

The plaintiffs argue that this well-settled common law rule was altered by the enactment of Va. Code Ann. Section 50-8.1 (1985), contending that the statute permits partnerships to bring actions against partners. However, there is no indication in the statutory language that the common law rule is being changed and the plaintiffs are unable to cite any Virginia authority to support this novel construction of the statute. (The Virginia Supreme Court recently declined to rule on this issue in *Hopper v. Musolino*, 234 Va. 558, 364 S.E.2d 207 (1988).) The plaintiffs rely instead on two cases from foreign jurisdictions, neither of which specifically address the issue now before the Court. In the absence of any authority to the contrary, this court is convinced that under Virginia law, the partnerships cannot be plaintiffs in this action.

The plaintiffs also invite the court to abandon the common law rule that partners cannot sue each other prior to dissolution of the partnership, contending that Va. Code Ann. § 50-8.1 now permits such actions. Again, the plaintiffs are unable to advance any support for this proposition beyond their own interpretation of the statute. The rule in Virginia is that an action by one partner against co-partners on a claim arising out of partnership transactions is not permitted until the business of the

partnership is concluded and the accounts settled. *Summerson v. Donovan*, 110 Va. 657, 659, 66 S.E. 882 (1910). It is clear, that the partners in the instant action may not sue one another prior to the dissolution of the partnership.

For the foregoing reasons, the defendants' motion is granted and the partnerships are dismissed as plaintiffs from this action. Moreover, Virginia law forbids a declaratory judgment action between partners prior to the dissolution of the partnerships and a final accounting. Therefore, the proper action between the parties before the Court is one for a dissolution and accounting of the respective partnerships (partners).