## KYTLE *v.* KYTLE *et al.*

1. A paper in the form of a deed, attested as a deed and delivered to the party named as grantee, conveying certain property, "together with all the rights and privileges thereunto belonging at my death forever in

fee simple," is not testamentary in its character, but is a conveyance in præsenti, with a reservation of a life-estate in the grantor.

2. A deed recited that it was made "for and in cónsideration of the natural love and affection" the grantor bore for his son, the grantee, and that the grantee "is to support" the grantor, and reserved a life-estate to the grantor. *Held:* (1) The acceptance of the deed by the grantee bound him to carry out the covenants therein contained. (2) The deed contained a covenant on the part of the grantee to support the grantor during his natural life. (3) If the grantee failed or refused to support the grantor, a right of action in him for such failure upon his death passed to his legal representatives, who could recover from the grantee such a sum as represented the reasonable value of the support of the grantor according to his circumstances and condition in life.

3. When a grantor accepts a deed, and thereby becomes bound by the covenants therein, and the instrument is under seal, the period of limitation applicable to a suit brought for a breach of the covenants is twenty years.

4. The verdict in favor of the defendants on their answer in the nature of a cross-bill, being largely in excess of the amount claimed in the answer, a new trial should have been granted upon this ground.

Submitted April 18,—Decided May 17, 1907.

Complaint for land. Before Judge Kimsey. Habersham superior court. July 31, 1906.

W. W. Kytle brought an action against W. S. Kytle and others, to recover possession of a described parcel of land and mesne profits. The deed under which the plaintiff claimed was in the following language: "This indenture, made this the eleventh day of January, eighteen hundred and ninety-four, between J. B. Kytle, of the county of Habersham, and W. W. Kytle, of the county of Banks, of the State aforesaid, witnesses, that the said J. B. Kytle, for and in consideration of the natural love and affection he has for his son, W. W. Kytle, and that the said W. W. Kytle is to support the said J. B. Kytle, hereby gives, grants, and conveys to the said W. W. Kytle, his heirs and assigns, all that tract of land lying in Habersham county, Georgia, known as lot No. 65 in the twelfth district of Habersham county, containing two hundred and fifty acres, more or less, adjoining land of John Kytle on the south, Mrs. Bentley on the east, Mrs. Henderson on the north, Williams on the west, together with all the rights and privileges thereunto belonging at my death forever in fee simple. In witness whereof the said J. B. Kytle has hereunto set his hand and seal, the day and year above written.        J. B. Kytle (L.S.).

Signed, sealed and delivered in the presence of: A. L. Griffin; A.
J. Griffin, N. P. & J. P." The defendants filed an answer, in
which they admitted that they were in possession of the property
sued for, but set up title in themselves, and denied all liability
for rent. They also alleged that they had been in possession of
the property for more than seven years, under written evidence of
title, prior to the filing of the suit. The defendants amended
their answer, by alleging, that the paper referred to in the plain-
tiff's abstract of title was a will, and not a deed; and that if it
was a deed, it conveyed only such interest in the property as the
grantor had at the date of his death, and that prior to that time
the grantor had conveyed the land to certain named children, such
conveyances bearing date December 27, 1898; that the expressed
consideration of the deed to plaintiff was that the plaintiff was to
support the grantor during his life, which the plaintiff failed to
do; that the only means of support of the grantor was this land,
and that the defendants, with whom he resided, supported him in
sickness and health and gave him all the attention that he needed
during his lifetime, and when he died gave him a decent inter-
ment, the services thus rendered being worth $600, which should
be paid by the plaintiff; that if the title passed to the plaintiff,
the defendants were entitled to judgment against him for that
sum, with interest; and that their judgment should be made a
special lien upon the land as in the nature of purchase-money;
that the plaintiff is insolvent; that the grantor died intestate, and
there is no administration, and that the defendants are the heirs
at law and of full age. It is alleged, in general terms, that the
deed of the plaintiff was secured by fraud and misrepresentation.
It is also alleged, that both the plaintiff and his grantor treated
the conveyance under which the plaintiff now claims as of no effect.
The prayer of the answer is, that the paper upon which the plain-
tiff relies as a deed be decreed to be a will, and ineffective for the
want of sufficient witnesses; that if it is a deed, it be declared to
convey only such interest as the grantor owned at the date of his
death; and that the defendants have judgment against the plain-
tiff for the amount above referred to, with interest, and that the
same be declared to be a special lien upon the land.

Pending the trial of the case, other children of the grantor in-
tervened and asked to be made parties to the suit and be allowed

to join in the defense already filed. An order making them parties was allowed, so far as the record discloses, without objection. At the trial the jury returned a verdict finding that the deed relied on by the plaintiff was a valid deed, but that he had failed to comply with his part of the contract contained therein; and also finding in favor of the defendants for the sum of $1,031, and that this be in the nature of a lien for purchase-money upon the land sued for. A judgment was entered in accordance with this verdict. The plaintiff made a motion for a new trial, which was overruled, and he excepted.

*J. B. Jones* and *McMillan & Erwin,* for plaintiff.

*W. I. Pike* and *Thompson & Bell,* for defendants.

COBB, P. J. (After stating the facts.)

1. The paper relied on by the plaintiff as a muniment of title was a deed, and not a will. *West* v. *Wright,* 115 *Ga.* 277; *Griffith* v. *Douglas,* 120 *Ga.* 582; *Sharpe* v. *Matthews,* 123 *Ga.* 794.

2. When the deed is construed in its entirety, it is manifest that it was the intention of the grantor to reserve a life-estate in the property and to convey to the grantee the remainder interest therein. The consideration for this conveyance, as expressed in the deed, is twofold,—natural love and affection, and the support of the grantor. It is true that it is not stated in terms that this support is to continue during the lifetime of the grantor, but this is to be inferred from the general character of the conveyance. If it had been the intention of the grantor that the consideration should have been a support for a less time than his entire life, a specification to this effect would undoubtedly have been made a part of the deed. It is manifest that the grantor did not intend that the grantee should enjoy the possession of the property until after his death, and it is to be inferred that the value of the property to the grantee at that time would be a sufficient consideration for the support of the grantor for the remainder of his life. The rents, issues, and profits during the lifetime of the grantor belonged to him, to be used as he saw proper; the remainder interest conveyed to the grantee was to purchase a support for himself for the remainder of his life. When the grantee accepted the deed, with this covenant therein, he became bound by its terms. *Atlanta etc. Ry. Co.* v. *McKinney,* 124 *Ga.* 929. For a breach of this covenant the grantor could have brought suit in his lifetime; and if he

died without bringing an action for that purpose, the right of action survived to the legal representatives of his estate. In an action brought by his legal representatives, the measure of damages would be the reasonable value of a support to the grantor according to his circumstances and condition in life. *McCardle* v. *Kennedy*, 92 *Ga.* 198, and cit.

3. The answer in the nature of a cross-bill, which was filed by the defendants, who were all of the heirs at law of the grantor except the plaintiff, alleges that there was no administration upon the estate of the grantor, and that all of the defendants are of full age. The answer does not allege that there were no debts owing by the grantor. There was no demurrer to the answer. From the evidence it appears that the grantor, at the time of his death, did owe some debts, apparently insignificant in amount, which had been paid by some of the defendants. His funeral expenses were also paid by some of the defendants. There was a motion made, during the trial, to rule out all of the evidence as to the value of the support of the grantor since December 27, 1898, the date of the deeds made by him to the children other than the plaintiff, and error is assigned upon the refusal to grant this motion, for three reasons, that the testimony is irrelevant, that the defendants have no right to recover the value of any support, and that the claim is barred by the statute of limitations. There is nothing in this assignment of error which raises the question as to the right of the defendants, as heirs at law, to bring a suit of the character indicated in the answer. The general rule is that a suit can not be maintained directly by an heir to recover upon a right of action in the ancestor, but that such a suit must be brought by the legal representative. *Murphy* v. *Pound*, 12 *Ga.* 278. In *Juhan* v. *Juhan*, 104 *Ga.* 253, Mr. Justice Lewis, after recognizing and applying the rule just referred to, says: "We do not mean to say, however, that where there are no debts against the estate nor against the copartnership, and all of the heirs are sui juris and no necessity appears for any administration, they can not by agreement among themselves take charge of the estate and collect and distribute among themselves its assets." See also *Bryant* v. *A. C. L. R. Co.*, 119 *Ga.* 607. In *Kent* v. *Davis*, 89 *Ga.* 151, a case in some respects very similar to the one now under consideration, it was held that a suit by heirs at law,

was maintainable when there were allegations that there was no administration, no debts, and that all of the heirs at law were of full age; it being said that the court has power, if in its discretion it is deemed necessary, to require the plaintiffs, in the event they recover, to give bond indemnifying the defendant from loss to which he may be subjected in consequence of the recovery against him by an administrator subsequently appointed. But we do not think that the assignment of error in the present case is sufficient to raise the question as to the right of the defendants to maintain the action; the assignment as we construe it being, in effect, that the action, as maintained, was not made out by the evidence, and was subject to the defense of the statute of limitations. We have found no case in which it has been held that one heir at law can sue another heir at law for his proportion of a chose in action of his ancestor. We will refrain from ruling on the questions as to whether such an action is maintainable, and whether the answer in the present case was sufficient in its allegations to show a right in the defendants to bring an action if such right existed. We will, therefore, deal with the the case upon its merits.

The action was not barred. The deed under which plaintiff claimed was under seal. The covenant upon which the defendants relied for a recovery was, therefore, a covenant under seal. While the plaintiff did not sign the deed, it is none the less a covenant in writing under seal; and when he accepted it, he accepted it with all the legal consequences resulting from the character and form of the instrument. The period of limitation applicable to the case was therefore twenty years. *Atlanta etc. Ry. Co.* v. *Mc-Kinney, 124 Ga.* 937.

4. The answer of the defendants alleged that the value of the support of the deceased and the expenses of his burial amounted to $600. The prayer was that they recover this amount, with interest. The verdict was for $1,031. It may be that the evidence authorized a finding that the value of the support and the expenses of the burial would be the sum stated in the verdict; but the defendants can not recover more than they have sued for. The deed containing the covenant for the support of the grantor was made in 1894. The grantor died in 1901. Interest at the legal rate upon the amount sued for would not, in any event, approximate the  amount stated in the verdict in excess of the $600 sued for.

A new trial should have been granted upon the ground that the verdict, as to the amount sued for, was unsupported by the evidence. Upon another trial the jury should be instructed, upon that branch of the case relating to the claim for the support, that they should ascertain such an amount as from the evidence would be the reasonable value of the support of the deceased from the date of the deed to the plaintiff to the time of the grantor's death, and that the defendants would be entitled to recover their proportion of this amount, with interest. The cause of action alleged by the defendants is a cause of action by the deceased against the plaintiff; and if the suit had been brought by an administrator, the amount recovered by him would have been subject to division among all of the heirs at law, and the plaintiff would have been entitled to his share of the recovery after the payment of the debts by the administrator. As the suit is brought by the other heirs at law against him, of course they are not entitled to recover from him that which he would be entitled to receive from an administrator if the administrator had brought the suit.

*Judgment reversed. All the Justices concur.*