## 64034. CITY OF LAWRENCEVILLE v. YANCEY.

POPE, Judge.

By warranty deed dated April 19, 1966 plaintiff Yancey conveyed to defendant City of Lawrenceville certain property for use as a sewage treatment oxidation pond. As part of the consideration for the transfer, the City agreed to build a road and bridge within six months of the date of the deed to provide plaintiff with access to his property. This covenant was stated upon the face of the deed. In his complaint filed on August 12, 1980 plaintiff claims inter alia a failure of consideration because the City had not built the bridge and the road. Claiming that the statute of limitation had run, the City moved for partial summary judgment on those portions of the complaint which concerned its failure to fulfill the covenant. The motion was denied and the City was granted this interlocutory appeal.

The City's motion for partial summary judgment centers upon the covenant to construct the improvements upon the property conveyed to the City. As this covenant is written upon the face of the deed, the applicable statute of limitation is determined by characterization of the deed itself as a sealed instrument. If, as the plaintiff urges, the deed is a sealed instrument, the statute of limitation is governed by Code Ann. § 3-703: "Actions upon . . . instruments under seal shall be brought within *20 years* after the right of action shall have accrued, but no instrument shall be considered under seal unless so recited in the body of the instrument." (Emphasis supplied.) The City contends, however, that because the deed was not signed by anyone on its behalf as grantee, the deed cannot be considered an instrument under seal. Thus, the applicable statute is Code Ann. § 3-705 which provides: "All actions upon . . . simple contracts in writing shall be brought within *six years* after the same shall become due and payable." (Emphasis supplied.) Any breach of the covenant in question occurred on October 19, 1966, the date on which the road and bridge were to have been built.

The City contends that, because there is no recital in the body of

the instrument that it was signed under its seal as grantee and no signature appears at all on its behalf, the covenant is "merely a simple contract in writing" as to the City. We do not agree.

A situation virtually identical to the case sub judice arose in *Kytle v. Kytle,* 128 Ga. 387 (57 SE 748) (1907). The deed at issue in *Kytle* contained the required recital as a sealed instrument and was signed under seal of the grantor, yet the grantee only accepted it without signing it, under seal or otherwise. The grantee sought to raise the statute of limitation as a bar to a counterclaim for breach of a covenant stated upon the face of the deed. The Supreme Court held: "The action was not barred. The deed under which [the action was brought] was under seal. The covenant upon which the [grantor] relied for a recovery was, therefore, a covenant under seal. While the [grantee] did not sign the deed, it is none the less a covenant in writing under seal; and when he accepted it, he accepted it with all the legal consequences resulting from the character and form of the instrument. The period of limitation applicable to the case was therefore twenty years." Id. at 392. See *Brice v. National Bondholders Corp.,* 187 Ga. 511 (2) (1 SE2d 426) (1939); *Skeen v. Glower,* 174 Ga. 510 (1) (162 SE 917) (1932).

The rule of *Kytle* applies to this case. The City admits that the deed was sealed with regard to the plaintiff grantor. Although the deed was not signed by the grantee, the City accepted the conveyance, later constructing a sewage treatment oxidation pond upon the property. Concurrent with its acceptance of the deed as a sealed instrument of the grantor, the City accepted all legal consequences flowing from it, including the obligation to fulfill the covenant at issue. Therefore, the applicable statute of limitation for an action for breach of the covenant in this case, as in *Kytle,* is twenty years, and the trial court was correct in denying the City's motion for partial summary judgment on this issue.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 13, 1982.

*James H. Cox, David G. Cleveland,* for appellant.
*William G. Tanner,* for appellee.