### 69492. CITY OF LAWRENCEVILLE v. YANCEY.
(326 SE2d 810)

BEASLEY, Judge.

This is the second appearance of this case in our court. For a statement of the basic facts giving rise to the litigation see our opinion in *City of Lawrenceville v. Yancey*, 163 Ga. App. 462 (294 SE2d 691) (1982) which recited in part: "By warranty deed dated April 19, 1966 plaintiff Yancey conveyed to defendant City of Lawrenceville certain property for use as a sewage treatment oxidation pond. As part of the consideration for the transfer, the City agreed to build a road and bridge within six months of the date of the deed to provide plaintiff with access to his property. This covenant was stated upon the face of the deed. In his complaint filed on August 12, 1980 plaintiff claims inter alia a failure of consideration because the City had not built the bridge and the road."

Since then the case proceeded to trial, resulting in a verdict of $125,000 for the plaintiff.

The City in its appeal enumerates four errors. *Held:*

1. It is contended that it was error to admit plaintiff's exhibit 3, consisting of a set of plans for water and sewer systems improvements which were in the possession of the City and the present city engineer, because the exhibit was not properly authenticated. The plans were offered for the purpose of showing whether the City ever agreed and contemplated putting a road and bridge along the property line.

Our opinion in *City of Lawrenceville v. Yancey*, 163 Ga. App. 462, 463, supra, held: "Although the deed was not signed by the grantee, the City accepted the conveyance, later constructing a sewage treatment oxidation pond upon the property. Concurrent with its acceptance of the deed as a sealed instrument of the grantor, the City accepted all legal consequences flowing from it, including the obligation to fulfill the covenant at issue."

The terms of the deed established the City's obligation and the admission of the plans, even if error, was merely cumulative and not so harmful as to constitute reversible error.

2. There is no merit to the contention that the covenants to build a bridge and road are void as not being for a public purpose. The construction was part of the consideration for obtaining the land the City needed to build an oxidation pond. Whether the bridge and road would of themselves benefit the City is immaterial and superfluous since the object of the consideration was to obtain land to be used for a public purpose.

3. The argument made concerning the lack of knowledge or notice of the covenants by the City through its governing officials is an attempt to vary a written instrument by parol which is not permitted. *Zorn v. Robertson*, 237 Ga. 395, 396 (228 SE2d 804) (1976).

4. The fourth enumeration of error is that damages of $125,000 were not authorized because the testimony regarding the cost of construction did not specifically relate to the cost which would have been incurred under the plans and specifications to which reference was made in Division 1 of this opinion.

There was testimony that the costs related by the expert witnesses would be for a type of construction less expensive than that required by the plans and specifications. There being evidence sufficient to sustain the jury's finding for the amount and such as would place the plaintiff in the position he would have been had the contract been performed (*Crawford & Assoc. v. Groves-Keen, Inc.*, 127 Ga. App. 646, 650 (194 SE2d 499) (1972)), there is no merit in the last enumeration of error.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 6, 1985.

*Hill R. Jordan*, for appellant.
*William G. Tanner, Anthony O. L. Powell*, for appellee.