71191. FOSTER v. MORRISON et al.

(339 SE2d 307)

DEEN, Presiding Judge.

Appellee Linda Morrison sustained extensive injuries to her neck, shoulder, and lower back when her 1977 Oldsmobile collided with a 1973 Lincoln Continental driven by appellant Foster, an Ohio resident, after the latter made a sudden left turn across the path of the oncoming Morrison car. Appellee's two young children received minor injuries and were released from a local hospital's emergency room; Mrs. Morrison was also released after emergency room treatment but was referred for orthopedic treatment, which she was continuing to receive at the time of the trial, four years after the collision.[1]

Mrs. Morrison brought an action against appellant Foster under the Georgia Non-resident Motorist Act, OCGA § 40-12-1 et seq. (formerly Code Ann. § 68-801 et seq.), seeking damages in the amount of $150,000 plus costs, including attorney fees, for pain and suffering, lost future earnings, and diminished earning capacity. Her husband, appellee Philip Morrison, was a co-plaintiff and sought $50,000 for medical expenses and loss of consortium.[2] A Cobb County jury awarded $150,000 to Mrs. Morrison and $25,000 to Mr. Morrison. Foster appeals, enumerating ten errors, two of which have several subparts. *Held*:

1. For convenience of discussion, we have taken the enumerated errors out of the order in which appellant has listed them and have grouped together related enumerations.

The record reveals that, contrary to appellant's assertion in Enumeration 3, process was served in exactly the manner prescribed by the Non-resident Motorist Act. OCGA § 40-12-1 et seq., *Medlin v. Church*, 157 Ga. App. 876 (278 SE2d 747) (1981). Service having been properly effected, Georgia's courts have personal jurisdiction over appellant, and this enumeration is without merit.

2. In his fifth and seventh enumerations appellant assigns error to the trial court's denial of his pretrial motion for continuance and his subsequent motion for mistrial. Both motions were predicated on the allegation that appellees had wrongfully produced "surprise" witnesses; namely, the psychiatrist who had examined Mrs. Morrison and the former's assistant, who had administered to appellee a battery of psychological tests. Examination of the record shows that in the pretrial order of December 21, 1981, the parties had agreed, *inter*

---

[1] The children filed an action against appellant at the same time as their parents, Philip Morrison actually making the complaint as next friend. This action was later voluntarily dismissed.

[2] Pursuant to a 1979 change in Georgia law, the claim for medical expenses was deleted from Mr. Morrison's prayer and added to that of Mrs. Morrison.

*alia*, that witnesses and possible witnesses might be added to the original lists as late as five days prior to trial, provided the other party was notified. The record further reveals that appellant's counsel was notified of the addition of the two possible witnesses' names more than five days before trial, and that he made no effort to depose either.[3] Only the psychiatrist actually testified at trial. In view of the undisputed facts of record, the trial court properly denied these motions, and these enumerations are also without merit.

3. In his ninth enumeration appellant assigns as error the trial court's permitting appellees to remain in the courtroom after the rule of sequestration had been invoked. It is well settled that the rule of sequestration does not ordinarily apply to parties. *D. C. A. v. State*, 135 Ga. App. 234 (217 SE2d 470) (1975). Moreover, this is a matter which addresses itself to the discretion of the court, who may make such exceptions as he deems proper. *Welch v. State*, 251 Ga. 197 (304 SE2d 391) (1983); *Stephen W. Brown Radiology Assoc. v. Gowers*, 157 Ga. App. 770 (278 SE2d 653) (1981). This enumeration is likewise without merit.

4. Appellant's fourth and sixth enumerations of error concern the admission of evidence which appellant alleges was irrelevant and prejudicial. This testimony and documentary evidence pertained to appellant's medical history, especially with regard to his use of alcohol and certain medications. Appellant also specifically objects to the admission of his medical records and of the manufacturers' literature and warning labels on certain prescription drugs appellant had acknowledged he was taking during the period in which the collision occurred. Appellant assigns as error both the court's postponing a ruling on his motion *in limine* concerning this evidence, and the court's permitting cross-examination on these matters.

The transcript of the proceedings shows that, on the morning after the day on which he had permitted the challenged evidence to be presented, the court informed counsel for the parties that he had reconsidered the admissibility of this evidence and would instruct the jury to disregard it in its entirety. The transcript further reveals that the court gave curative instructions on the evidence as a part of his charge to the jury. Georgia law has consistently held that, barring unusual circumstances, such instructions suffice to obviate the necessity of mistrial or of reversal by the appellate courts. See, e.g., *Pittman v. State*, 172 Ga. App. 22 (322 SE2d 71) (1984).

Moreover, appellant has not demonstrated that the admission of the challenged evidence, even if it were determined to be error, was

---

[3] The record further indicates that appellant had made additions to his list of possible witnesses on November 18, 1982, which was the day before the date on which appellees made the complained-of additions to their list.

harmful to him in any way. The evidence presented at trial shows that appellant's improper turn was patently the proximate cause of the collision. The evidence also supports the factum of the injuries and the need for continuing medical treatment. The verdict ($150,000 for Mrs. Morrison and $25,000 for Mr. Morrison) was well within the range of the evidence presented as to medical expenses already actually incurred and the expert witnesses' projections as to future medical expenses and future lost earnings; there is nothing to indicate that the size of the verdict was affected by the challenged evidence. Appellant acknowledged at trial that he was taking certain prescription drugs and that he knew that driving an automobile was contraindicated when certain medications were being used. Admission of the manufacturers' literature and warning labels, and of appellant's medical records, was, at most, cumulative of other, properly admitted evidence. An error in the admission of evidence which is cumulative and not demonstrably harmful is not reversible error. *City of Lawrenceville v. Yancey*, 173 Ga. App. 446 (326 SE2d 810) (1985); see also *Butler v. State*, 172 Ga. App. 405 (323 SE2d 628) (1984). Moreover, appellant's ingestion of certain medications *vel non* does not alter the fact that his improper turn violated certain codified rules of the road and proximately caused the collision. If, *arguendo*, there was any error in admitting the challenged evidence, it was not harmful, and we therefore find these enumerations devoid of merit.

5. Appellant avers in his eighth enumeration that the trial court improperly permitted cross-examination of an eyewitness on the "ultimate issue" of the case. Study of the voluminous trial transcript reveals that the witness was questioned not as to his opinion on the ultimate issue of negligence, but on whether, in his opinion, as an eyewitness and in the given fact situation, there was anything appellee could have done to prevent the collision. Cf. *Millhollan v. Watkins Motor Lines*, 116 Ga. App. 452, 455 (157 SE2d 901) (1967). See also *Reed v. Heffernan*, 171 Ga. App. 83 (318 SE2d 700) (1984); *Bentley v. Ayers*, 102 Ga. App. 733 (117 SE2d 633) (1960).

6. Scrutiny of the record shows that the evidence was such as to authorize reasonable jurors to find a preponderance indicating liability on defendant/appellant's part, and damages sustained by plaintiff/appellants in at least the amounts awarded. The appellate court considers the sufficiency of the evidence, not its weight. *Spivey v. Rogers*, 173 Ga. App. 233 (326 SE2d 227) (1984). The first and second enumerations of error have no merit.

7. Appellant's tenth and final enumeration of error is that the trial court erred in awarding appellees the expenses incurred in taking the deposition of the Ohio attorney who had obtained appellant's medical records from his physician; the purpose of the deposition was to prove the authenticity of the records by establishing the chain of

custody. Appellant had answered, in response to interrogatories, that he had insufficient information to enable him to admit or deny the authenticity of what purported to be his medical records. Appellant had previously obtained a protective order from an Ohio court (after having unsuccessfully attempted to do so in Georgia) to prevent the taking of his physician's deposition. The trial court then ordered appellant to respond to appellees' request for admission of facts and genuineness of documents, and to pay appellees' attorney fees occasioned by appellant's recalcitrance. Appellant next moved for a protective order to prevent the taking of the Ohio attorney's deposition, and the trial court denied the motion and instructed appellees to file a motion for expenses of taking the deposition. Decision on this motion was reserved until after judgment, and following a hearing in March 1983, the trial court granted appellees' motion and awarded the expenses.

Appellant's arguments to the contrary do not persuade us that the issue does not come within the ambit of OCGA § 9-11-37 (b) (2) and (c), which expressly authorize the award of expenses in fact situations like that in the instant case. Moreover, the amount awarded is within the discretion of the trial court. Cf. *Nickerson v. Candler Bldg.*, 156 Ga. App. 396 (274 SE2d 582) (1980); *Spencer v. Dupree*, 150 Ga. App. 474 (258 SE2d 229) (1979). This enumeration is without merit.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED DECEMBER 2, 1985 —
REHEARING DENIED DECEMBER 17, 1985 —

*William A. Dinges, William D. Temple*, for appellant.
*Matthew H. Patton, Andrews M. Brumby*, for appellees.