A95A2332. METLIFE et al. v. WRIGHT.
A95A2333. FOWLER v. WRIGHT.
(470 SE2d 717)

McMURRAY, Presiding Judge.

Plaintiff Wright was recruited and hired in 1987 as president and chief executive officer of defendant Metlife Financial Acceptance Corporation ("MFAC"), a newly formed consumer finance subsidiary of defendant Metlife and defendant Metropolitan Property & Liability Insurance Company. But within two years, a change in Metlife management brought a decision to terminate the consumer finance subsidiary. In August 1989, Wright entered into a settlement agreement which provided for the termination of his employment and mutual releases of any claims between himself and the corporate defendants.

The present action was filed in March 1993. Claims were stated against the three corporate defendants and against four individuals, Nagler, Schwartz and Reed, who were employees of Metlife, and Fowler, an employee of MFAC. The complaint relied upon stated theories of breach of contract, defamation, trespass, invasion of privacy, and intentional infliction of emotional distress.

On opposing motions for complete or partial summary judgment, the state court granted partial summary judgment in favor of the individual defendants on plaintiff's claim for breach of contract. The motions for summary judgment were denied as to the remaining issues. The defendants, with Fowler acting separately, then sought and obtained permission for interlocutory appeals from the denial of summary judgment on the remaining portions of plaintiff's claims. All of the defendants, except Fowler, appeal in Case No. A95A2332, while Fowler appeals in Case No. A95A2333. *Held*:

1. The state court erred in failing to grant a summary judgment in favor of defendants on plaintiff's defamation claims. The applicable statute of limitation for injuries to one's reputation is only one year. OCGA § 9-3-33. While plaintiff maintains that, under the circumstances of the case sub judice, the running of this period was tolled, we do not agree.

Plaintiff's ignorance of the facts constituting a cause of action does not prevent the running of the statute of limitation. *Priest v.*

*Exposition Cotton Mills*, 86 Ga. App. 301, 305 (71 SE2d 743). Plaintiff's reliance upon the discovery rule of *King v. Seitzingers, Inc.*, 160 Ga. App. 318 (287 SE2d 252) is misplaced since that rule has been confined to cases of bodily injury which develop only over an extended period of time. See *Hanna v. McWilliams*, 213 Ga. App. 648, 649 (2) (446 SE2d 741).

Nor is there any evidence of such fraudulent concealment as will toll the running of the statute of limitation. Since the gravamen of plaintiff's action is other than actual fraud and there was no relationship of trust and confidence between the parties, mere silence is not sufficient to toll the statute, there must be a separate independent actual fraud involving moral turpitude which debars and deters the plaintiff from bringing his action. *Shipman v. Horizon Corp.*, 245 Ga. 808, 809 (267 SE2d 244); *Curlee v. Mock Enterprises*, 173 Ga. App. 594, 596 (2), 597 (327 SE2d 736). Plaintiff has failed to present evidence of such circumstances, therefore no jury question is presented as to a tolling of the statute of limitation. *Edmonds v. Bates*, 178 Ga. App. 69, 72 (342 SE2d 476).

Plaintiff failed to present evidence of actionable defamation within the period of the statute of limitation. Of the instance of alleged libel and slander identified by plaintiff as occurring within the one-year period, not only were they clearly not related to the incidents alleged in plaintiff's complaint, they also were either privileged statements made in the context of litigation, not in fact defamatory, or statements of other persons not attributable to defendants.

2. The state court also erred in failing to grant summary judgment in favor of the corporate defendants on plaintiff's breach of contract claim. Under the terms of the settlement agreement, the corporate defendants agreed "to release, acquit, and forever discharge Mr. Wright from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses or any claims based on negligence or intent of any nature whatsoever, known or unknown, suspected or unsuspected, which the Company has, owns, holds, or heretofore had, owned, or held or claimed to have, own, or hold, arising out of any claims based on negligence or intent of a nature within the scope of Mr. Wright's employment by the Company." While plaintiff maintains that the "release, acquit, and forever discharge" phrase served to prohibit any disparaging statement by defendants concerning plaintiff's management of MFAC, we do not find any such requirement of silence to be within the parameters of a reasonable construction of this contractual language which is clearly intended to bar the corporate defendants from suing plaintiff for his negligence or intentional malfeasance while employed by MFAC. The parol evidence relied upon by plaintiff to support his

construction of this phrase could not have been properly considered. *Paige v. Jurgensen*, 204 Ga. App. 524, 525 (1) (419 SE2d 722).

Since there was no contractual duty upon defendants to avoid comment upon plaintiff's management of MFAC, there was no viable claim arising from any such statements so long as they were truthful. Of course, insofar as any untruthful statements were made concerning plaintiff's management of MFAC, the gravamen of the resulting claim would be defamation which is governed by the one-year statute of limitation and by our holding in the first division of this opinion.

3. We have examined the record, with aid from the references thereto contained in the briefs, seeking some factual predicate for plaintiff's remaining claims, but found none. It follows that summary judgment should have been granted in favor of defendants as to all of the remaining issues.

*Judgment reversed. Andrews and Blackburn, JJ., concur.*

DECIDED MARCH 15, 1996 —
RECONSIDERATION DENIED MARCH 27, 1996.

*Smith, Howard & Ajax, John A. Howard, David K. Whatley, Brooks W. Binder III*, for Metlife.
*F. Glenn Moffett, L. Prentice Eager III*, for Fowler.
*Fisher & Phillips, William F. Kaspers, Cashin, Morton & Mullins, Harry L. Cashin, Jr., Richard W. Gerakitis*, for Wright.