### A98A1196. McCALLA et al. v. STUCKEY.
(504 SE2d 269)

POPE, Presiding Judge.

The sole issue in this appeal is whether Count 1 of plaintiff Stuckey's complaint was governed by OCGA § 9-3-23, which provides a twenty-year period of limitations for written contracts under seal, or by OCGA § 9-3-24, which provides a six-year limitation period for ordinary contracts which are not under seal. The superior court determined that the 20-year period applied and denied defendants' motion to dismiss. We granted defendants' interlocutory application to review the superior court's ruling and, for the following reasons, we reverse.

The instant dispute centers on an escrow agreement, which was executed as part of a real estate transaction in 1985, in which plaintiff Charles W. Stuckey agreed to purchase an interest in a condominium unit. The escrow agreement designated the escrow agent for the closing as "McCalla, Raymer, Padrick, Cobb & Nichols[1] ('McCalla') as agent for Ticor Title Insurance Company of California." Philip E. Johns, a partner at the McCalla law firm, signed the agreement as its authorized representative, which in turn, was the agent for Ticor. The agreement was also signed by the borrowers (including Stuckey)

---

[1] McCalla, Raymer, Padrick, Cobb, Nichols & Clark is the successor entity to McCalla, Raymer, Padrick, Cobb & Nichols.

and was signed again by Philip E. Johns, as attorney for the lender. In the body of the escrow agreement, immediately before the signature lines is the statement: "IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals as of the day and year first above written." Thereafter, the signatures of the borrowers and sellers are followed by the word "seal." Neither the escrow agent nor the lender's signature (both of which were Philip Johns's signature) is accompanied by any such "seal" designation.

The closing on the property took place on December 31, 1985. More than 11 years later, on January 16, 1997, Stuckey filed the instant complaint against McCalla, Raymer, Padrick, Cobb & Nichols, individually and as agent for Ticor Title Insurance Company of California, alleging in Count 1 that a condition of the escrow agreement had been breached; in Count 2 Stuckey alleged a breach of fiduciary duty. After answering, McCalla and Ticor Title moved to dismiss the action on the grounds that the applicable statute of limitation had expired before the suit was filed.[2]

The superior court granted the motion on Count 2; denied the motion as to Count 1; and this appeal followed. In concluding that the 20-year period was applicable, the superior court relied on *Kytle v. Kytle*, 128 Ga. 387, 392 (3) (57 SE 748) (1907), and *City of Lawrenceville v. Yancey*, 163 Ga. App. 462 (294 SE2d 691) (1982), and stated "[t]he courts have not allowed non-signatory parties to avoid the twenty-year statute of limitations where the signatory party is bound by seal and the non-signatory party accepts the instrument."

Generally, actions on written contracts are governed by the six-year period of limitations of OCGA § 9-3-24. In contrast, contracts under seal are governed by the 20-year period of limitations of OCGA § 9-3-23. The law is clear that to constitute a sealed instrument, "there must be both a recital in the body of the instrument of an intention to use a seal and the affixing of the seal or scroll after the signature." *Chastain v. L. Moss Music Co.*, 83 Ga. App. 570 (64 SE2d 205) (1951). Compare *Ga. Receivables v. Maddox*, 216 Ga. App. 164 (1) (454 SE2d 541) (1995). It is also established that a contract may be under seal as to some parties and not as to others. *Chastain*, 83 Ga. App. at 570-571; *Lanier v. Berry*, 41 Ga. App. 34 (151 SE 821) (1929).

In ruling on the motion to dismiss, the superior court concluded

---

[2] Stuckey responded to the motion to dismiss and filed various documents in support of his position, including a "Joint Waiver of Statute of Limitations," signed by both Stuckey and agents of McCalla, which document purported to toll the period of limitations from December 29, 1988 until February 1, 1989. The record contains nine extensions of this tolling agreement, which dated from February 1989 until December 1989. The parties do not raise any arguments regarding these documents here.

that because the escrow agreement contained the required recital that it was given under seal, by signing the document McCalla accepted the legal consequences of a sealed document. The superior court's reliance on *Kytle v. Kytle*, 128 Ga. 387, and *City of Lawrenceville v. Yancey*, 163 Ga. App. 462, was misplaced. In both of those cases the court concluded that the deed under which the grantee claimed was under seal and that *although the grantee was not a signatory to the deed*, the character and form of the sealed instrument was binding. In the instant case, both parties signed the agreement and the rationale of *Kytle v. Kytle* and *City of Lawrenceville v. Yancey* is inapposite. Similarly, we also reject Stuckey's argument that *Pitman v. Pitman*, 215 Ga. 585 (111 SE2d 721) (1959), is relevant.

Accordingly, because the signature for McCalla did not include a seal or scroll, the ordinary six-year limitation period applied to Stuckey's claims and the court erred in denying the motion to dismiss.

*Judgment reversed. Beasley and Ruffin, JJ., concur.*

DECIDED JULY 13, 1998.

*Morris, Manning & Martin, Lewis E. Hassett, Tacita A. Scott*, for appellants.

*Page & Bacek, Edward J. Dovin, Michel V. Hurley*, for appellee.

