## A99A0312. AUTUMN TRACE HOMEOWNERS ASSOCIATION, INC. v. BROOKS et al.
### (517 SE2d 836)

RUFFIN, Judge.

On August 6, 1997, Autumn Trace Homeowners Association (the Association) sued various former officers and directors of the Association, alleging that they negligently failed to prevent the Association's property manager from embezzling the Association's funds. The defendants moved for summary judgment based on the expiration of the statute of limitation, and the trial court granted their motion. We affirm.

Summary judgment is proper only when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). On appeal from a grant of summary judgment, we must view the evidence, as well as all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

In 1990 or 1991, the Association hired Truesdale & Associates as its property manager. Truesdale & Associates and its president, Dorothy Truesdale, had control over the Association's bank accounts. Dorothy Truesdale committed suicide on May 10, 1993. On May 11, 1993, the Association's attorney, George Nowack, informed defendant Donna Patterson, the Association's treasurer and a board member, of Truesdale's suicide and advised her to check the Association's bank accounts. Patterson testified that she went to the bank that day and found that a "very large sum of money" was missing from the Association's bank account. At some point in May 1993, the Association hired Donald K. Elliott, a certified public accountant, to audit the Association's financial records in an attempt to discover any improper activity. According to Elliott, whose affidavit was submitted by the Association in opposition to defendants' motion for summary judgment, he was informed by the Association that a recent inquiry had revealed that the amount in the Association's bank account was less than expected. On or before June 15, 1993, Elliott, Nowack, and certain of the Association's directors met with the homeowners to discuss the situation. Elliott testified that he emphasized at the meeting that he would not know whether there had been any embezzlement until he had analyzed the Association's financial records. Elliott issued his final report to the Association on August 30, 1993.

The parties agree that this action is subject to a four-year statute of limitation.[1] The Association filed this action on August 6, 1997.

---

[1] The trial court held that the relevant statute is OCGA § 9-3-32, dealing with actions for the recovery of personal property or for damages for the conversion or destruction of the

Accordingly, if the cause of action accrued before August 6, 1993, it is barred by the statute of limitation.

The Association contends that its cause of action did not accrue until it received Elliott's final report on August 30, 1993, when it discovered for certain that Truesdale had embezzled funds. However,

> [p]laintiff[s'] ignorance of the facts constituting a cause of action does not prevent the running of the statute of limitation. Plaintiff[s'] reliance upon the discovery rule . . . is misplaced since that rule has been confined to cases of bodily injury which develop only over an extended period of time. See *Hanna v. McWilliams*, 213 Ga. App. 648, 649 (2) (446 SE2d 741) [(1994)].

(Citations omitted.) *Metlife v. Wright*, 220 Ga. App. 827-828 (470 SE2d 717) (1996). See also *Corp. of Mercer Univ. v. Nat. Gypsum Co.*, 258 Ga. 365, 366 (1) (368 SE2d 732) (1988).

The Association's cause of action accrued when it sustained an injury as a result of defendants' alleged negligence. See *Mears v. Gulfstream Aerospace Corp.*, 225 Ga. App. 636, 638 (1) (484 SE2d 659) (1997). Any injury to the Association occurred when Truesdale embezzled funds from the Association, and this embezzlement occurred no later than May 10, 1993, when Truesdale committed suicide. There is no evidence of fraud by defendants to prevent the Association from discovering its cause of action, so as to toll the running of the statute of limitation. See *Metlife*, supra. Accordingly, the Association's cause of action accrued no later than May 10, 1993. Because this action was not brought until more than four years later, it is barred by the statute of limitation.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 14, 1999.

*Mark W. Crouch, Ruth A. Carr*, for appellant.
*Chambers, Mabry, McClelland & Brooks, Robert M. Darroch, Joan G. Crumpler*, for appellees.

---

same. Although the Association suggests that this statute does not apply, it does not suggest an alternative and agrees that the limitation period is four years. While not mentioned by the parties, it is arguable that OCGA § 9-3-31, dealing with actions for injuries to personal property, is applicable. See *Hardaway Co. v. Parsons, Brinckerhoff, Quade &c., Inc.*, 267 Ga. 424, 426-427 (1) (479 SE2d 727) (1997) (applying statute to claim for economic loss due to negligence). Regardless of which statute applies, however, they both require that the action be brought within four years after the right of action accrues.