A99A2427. STUCKEY v. McCALLA, RAYMER, PADRICK, COBB & NICHOLS et al.
(527 SE2d 219)

BLACKBURN, Presiding Judge.

In this second appearance of this case before this Court, Charles Wesley Stuckey appeals the dismissal of his breach of fiduciary duty claim, brought over 11 years after the cause of action arose, against Ticor Title Insurance Company of California and the law firm of McCalla, Raymer, Padrick, Cobb & Nichols. In summary, Stuckey contends that: (1) the trial court improperly found that his claim was barred by a four-year statute of limitation; (2) a ten-year statute of limitation should have been applied to his claim; and (3) certain tolling agreements entered into between the parties should be construed to extend the ten-year statute of limitation such that Stuckey's claim was timely made. Even if we assume, however, that a ten-year statute of limitation is applicable in this case, the tolling agreements entered into by the parties, if enforceable, do not apply to Stuckey's breach of fiduciary duty claim and do not extend the statute of limitation. Therefore, as discussed more fully below, we affirm the dismissal of Stuckey's claim.

1. The facts underlying this case were set out in *McCalla v. Stuckey,* 233 Ga. App. 397 (504 SE2d 269) (1998). There we explained:

The instant dispute centers on an escrow agreement, which was executed as part of a real estate transaction in 1985, in which plaintiff Charles W. Stuckey agreed to purchase an interest in a condominium unit. The escrow agreement designated the escrow agent for the closing as "McCalla, Raymer, Padrick, Cobb & Nichols . . . as agent for Ticor Title Insurance Company of California." Philip E. Johns, a partner at the McCalla law firm, signed the agreement as its

authorized representative, which in turn, was the agent for Ticor. The agreement was also signed by the borrowers (including Stuckey) and was signed again by Philip E. Johns, as attorney for the lender. . . .

The closing on the property took place on December 31, 1985. More than 11 years later, on January 16, 1997, Stuckey filed [a] complaint against McCalla, Raymer, Padrick, Cobb & Nichols, individually and as agent for Ticor Title Insurance Company of California, alleging in Count 1 that a condition of the escrow agreement had been breached; in Count 2 Stuckey alleged a breach of fiduciary duty. After answering, McCalla and Ticor Title moved to dismiss the action on the grounds that the applicable statute of limitation had expired before the suit was filed.

The superior court granted the motion on Count 2 [and] denied the motion as to Count 1.

Id. at 397-398.

In this case's original appearance before us, McCalla and Ticor Title appealed the trial court's denial of their motion to dismiss Stuckey's breach of contract claim, and we reversed the trial court, finding that Stuckey's contract claim was barred by the six-year statute of limitation on written contracts not under seal. See OCGA § 9-3-24. In response to this opinion, the trial court entered a final judgment dismissing both counts of Stuckey's complaint. Stuckey subsequently filed a notice of appeal in this case, contending that the trial court improperly dismissed his breach of fiduciary duty claim by finding that it was subject to a four-year statute of limitation.

2. In this appeal, Stuckey argues that McCalla and Ticor Title, as escrow agents, owed a fiduciary duty to him, that they breached this duty, and that any action based on this breach should be subject to the ten-year statute of limitation set out under OCGA § 9-3-27. Even if we were to assume, without deciding, that Stuckey's arguments had merit, his claim for breach of fiduciary duty would still be barred. If the ten-year statute of limitation applied, it expired on or about December 31, 1995. Stuckey waited to file his claim for over a year following this date. As such, the trial court appropriately dismissed Stuckey's breach of fiduciary duty claim.

Agreements between the parties concerning tolling of the statute do not change this result. Stuckey and McCalla entered into a "Joint Waiver of Statute of Limitations" which states:

With respect to any statute of limitations on any cause of action founded on the breach of any common law duty, and/or any state or federal statutory or regulatory cause of

action, including without limitations, causes of action based on any state or federal securities act, rule or regulation or any cause of action based on the loan made, which may be brought by either one of the undersigned against the other which arises out of or is related to the purchase of the aforementioned condominium unit, said statutes of limitations are tolled during the period of December 29, 1988 through and including February 1, 1989, such that no statute of limitations shall expire during that period, and so that suit on any cause of action, as to which the statute of limitations would have expired during the period of December 29, 1988 through and including February 1, 1989 may be brought at any time from December 29, 1988 through and including February 1, 1989.

By separate letter agreements, this "tolling window" was extended until January 1990.

Contrary to Stuckey's arguments, these agreements do not lengthen the statute of limitation on his breach of fiduciary duty claim. The agreements apply specifically to those claims which would have otherwise expired between December 29, 1988 and January 15, 1990. Thus, assuming without deciding that a ten-year statute of limitation applied to Stuckey's claim, it would have expired years after the tolling window created by the agreements, and, as such, the tolling agreements had no application to this claim.

Therefore, even if we assume that Stuckey's breach of fiduciary duty claim was otherwise viable and subject to a ten-year statute of limitation, it was still appropriately dismissed by the trial court.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED DECEMBER 15, 1999.

*Page & Bacek, Edward J. Dovin, Michel V. Hurley*, for appellant.
*McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Carol V. Clark, Scott H. Michalove, Peter L. Lublin, Morris, Manning & Martin, Lewis E. Hassett, Tacita A. Scott, Jessica F. Pardi*, for appellees.