A06A0271. KONCUL ENTERPRISES, INC. et al. v. FLEET FINANCE, INC. et al.

(630 SE2d 567)

ANDREWS, Presiding Judge.

A homebuilder sued a financing company, alleging that the financing company had breached its contracts and committed a variety of torts when it misquoted balances on and assigned away the mortgage accounts it had agreed to service for the homebuilder. The trial court granted summary judgment to the financing company on grounds including that the action was barred by the statutes of limitation, and the homebuilder appeals. We find no reversible error and affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c)." *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997). A defendant moving for summary judgment may put forth evidence to show that there is no issue of fact as to one or more elements of the plaintiff's causes of action or demonstrate that the record lacks sufficient evidence to support one or more of the plaintiff's causes of action. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). We review the grant or denial of summary judgment de novo, construing the evidence in favor of the nonmovant. *Matjoulis*, supra.

So viewed, the record here shows that between 1989 and 1991, Koncul Enterprises, Inc. (Koncul), a homebuilding and contracting company, entered into five so-called "partial purchase agreements" with Fleet Finance, Inc. and Fleet Finance, Inc. of Georgia (Fleet). Koncul assigned the underlying notes and security deeds concerning the subject properties (thereby creating the so-called Ferguson, Harrington, Howard, Rodriguez, and Zellner accounts) to Fleet in exchange for Fleet's payment of a lump sum on each of the accounts for periods ranging from 60 to 180 months. Fleet also agreed to service these accounts.

In June 1996, Koncul indicated interest in repurchasing the five accounts. On June 20 and June 24, Fleet provided payoff amounts for all five accounts. Koncul declined to repurchase the accounts, however, because he believed that the quoted amounts were incorrect. On July 1, 1996, Fleet assigned the Ferguson, Howard, Rodriguez and Zellner accounts to Associates Financial Services Company, Inc. (Associates). On July 15, 1996, Fleet sent a letter to Koncul notifying it of the sale of some accounts to Associates. The letter included the following language:

If you believe your consent is required to assign the Agreement and the Partial Purchase Loans to Associates, please

consider this letter a request from Fleet for your consent to such assignment. If you believe your consent to assignment is not required, please consider this letter as notice of the impending sale.

Koncul did not sign or return the letter.

On November 20, 1996, Fleet assigned the Harrington account to UMLIC TEN Corporation. This account was eventually transferred to SN Servicing Corporation.

On July 31, 2002, Koncul sued Fleet, Associates, and SN Servicing concerning the Ferguson and Harrington accounts, alleging that Fleet had breached its contracts with Koncul and committed a variety of torts when it failed to provide accurate payoff amounts and when it assigned the accounts without Koncul's consent. On January 21, 2003, Koncul filed an amended complaint alleging that the defendants had breached their contracts and committed torts with respect to the Howard, Rodriguez, and Zellner accounts.

Fleet then moved for summary judgment on the grounds that Koncul's claims were time-barred and that Fleet's actions did not amount to breach of the contracts. SN Servicing later joined Fleet's motion. The trial court granted summary judgment to Fleet concerning the Howard, Rodriguez, and Zellner claims on the ground that those claims did not relate back to those of the original complaint and were therefore time-barred. The trial court also granted summary judgment to Fleet concerning the Ferguson and Harrington accounts on the ground that nothing in the original agreements prohibited Fleet from assigning the accounts without Koncul's consent. The trial court also held that most other claims against Fleet and SN Servicing were either time-barred, moot, or without merit. This appeal followed.

1. Koncul first argues that the trial court erred when it granted summary judgment on the ground that his claims were time-barred. We disagree.

Under OCGA § 9-3-24, an action for breach of a written contract must be brought within six years of the breach. On the subject of claims asserted after an original complaint is filed, OCGA § 9-11-15 (c) provides that "[w]henever the claim or defense asserted in the amended pleading arises out of the *conduct, transaction, or occurrence* set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." (Emphasis supplied.) This provision "should be liberally construed to effect its purpose of ameliorating the impact of the statute of limitation." (Citation and punctuation omitted.) *Herndon v. Heard*, 262 Ga. App. 334, 337 (1) (585 SE2d 637) (2003).

(a) As a preliminary matter, we note that there is no basis for Koncul's claim that because the agreements recited that the parties had "hereunto set their hand and seals," the agreements were in fact executed under seal, and are thus subject to the 20-year limit of OCGA § 9-3-23. Here, the agreements bore no seal, and are thus subject to the six-year statute of limitation for written contracts. See *McCalla v. Stuckey*, 233 Ga. App. 397, 398 (504 SE2d 269) (1998) (sealed instrument must both contain recitation and bear seal).

(b) In both the original and the amended complaint, Koncul complained of Fleet's conduct in providing allegedly incorrect payoff amounts and assigning away the five accounts at issue. When the amended complaint extended Koncul's claim to include five rather than two accounts, this "merely specified" the extent of the damages allegedly suffered as a result of the conduct alleged in the original complaint. *Herndon*, supra, 262 Ga. App. at 337 (1). Thus the trial court erred when it held that Fleet would have been prejudiced by allowing the claims of the amended complaint to relate back to the date on which the original complaint was filed. Id. (finding no prejudice to defendant in assertion of claims of amended complaint).

This does not mean that the trial court erred in granting Fleet summary judgment as to the contract claims, however. "A statute of limitations begins to run on the date that suit on the claim can first be brought." (Citation and punctuation omitted.) *Baker v. Brannen/Goddard Co.*, 274 Ga. 745, 749 (2) (559 SE2d 450) (2002). Koncul's own testimony shows that he believed the payoff amounts to be inaccurate when he received them in late June 1996. Thus he not only had reason to believe that the breach of contract had occurred by the end of that month, but actually believed at that time that such breach had occurred.

Even if we were to hold that some fragment of Koncul's action survives his failure to bring his action within six years of Fleet's alleged misquotations, Fleet assigned four of the five accounts on July 1, 1996. Absent fraud, a plaintiff's ignorance of the facts constituting a cause of action does not prevent the running of the statute of limitation. *Metlife v. Wright*, 220 Ga. App. 827, 827-828 (470 SE2d 717) (1996). Here, Fleet sent Koncul a form letter on July 15, 1996, concerning its "intention" to assign accounts. Once again, Koncul had a responsibility from that date to investigate the matter such that he could bring an action by July 15, 2002. Thus Koncul's breach of contract claims are time-barred. See *Baker*, supra, 274 Ga. at 750 (2) (barring claims brought after six-year statute of limitation running from date of first breach of contract).

(c) Koncul also argues that Fleet's fraudulent misrepresentations and silences should toll the statutes of limitation. Again, we disagree.

"Fraud cannot consist of mere broken promises, expressions of opinion, unfulfilled predictions or erroneous conjecture as to future events." (Footnote omitted.) *Allen v. Columbus Bank & Trust Co.*, 244 Ga. App. 271, 277 (1) (534 SE2d 917) (2000). As we have already suggested, and assuming that the June payoff amounts and July 15 letter contained misstatements of fact, Koncul has nonetheless failed to present any evidence to support his claim that such misstatements were made with an intent to deceive or defraud. Since each of the claims as to which the trial court granted summary judgment has a statute of limitation of less than six years (see OCGA §§ 16-14-8 (five years for Georgia RICO); 9-3-32 (four years for conversion); 9-3-26 (four years for unjust enrichment); and 9-3-33 (one year for defamation)), it follows that each of these is time-barred. *Allen*, supra, 244 Ga. App. at 277 (1) (barring action where record contained nothing to support allegations of fraudulent concealment).

2. Finally, Koncul argues that the trial court erred when it found no triable issue of fact on his defamation claim against SN Servicing. We disagree.

The "statements" of which Koncul complains were balances communicated by SN Servicing to the mortgagor of the Harrington account. On their face, such communications made no reference to Koncul, and thus cannot be held defamatory. See *Cox Enterprises v. Bakin*, 206 Ga. App. 813, 816 (1) (426 SE2d 651) (1992) (articles which do not refer to plaintiff cannot provide basis for defamation claim). The trial court did not err when it found that Koncul's defamation claim against SN Servicing lacked merit. Id. (reversing denial of summary judgment).

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED APRIL 20, 2006.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

*Savage, Turner, Pinson & Karsman, Brent J. Savage, Christopher D. Britt*, for appellants.

*Pendergast & Jones, Howell A. Hall, Michael L. Edwards*, for appellees.