A11A2401. BJL ENTERPRISES, LLC v. LEVEL ONE CONTACT, INC. et al.
(722 SE2d 877)

MIKELL, Presiding Judge.
BJL Enterprises, LLC (BJL) appeals from the trial court's grant of partial summary judgment to Level One Contact, Inc. (Level One),

---

Paul Winters, Janet Winters, and Jeffrey Winters on all claims made against them except for the claim for payment of past due rent on the commercial lease between Level One and the predecessor in interest of BJL, which remains pending below.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A defendant moving for summary judgment may put forth evidence to show that there is no issue of fact as to one or more elements of the plaintiff's causes of action or demonstrate that the record lacks sufficient evidence to support one or more of the plaintiff's causes of action. We review the grant or denial of summary judgment de novo, construing the evidence in favor of the nonmovant.[1]

1. This matter was previously before this court on appeal by Level One of the judgment entered on the jury's verdict in favor of BJL for breach of the commercial lease and fraudulent conveyance of corporate assets.[2] The underlying facts of the dispute are fully set out in that opinion. As found therein:

> In January 2008, BJL Enterprises filed suit against Level One and [Samuel] Winters for the unpaid rent due on the lease, fraudulent conveyances, stubborn litigiousness, bad faith, and punitive damages. Level One and Winters counterclaimed for failure to return their security deposit pursuant to the lease, conversion, trespass to property, attorney fees, and punitive damages. A jury found in favor of BJL Enterprises and against Level One in the amount of $103,954 in past due rent, $67,734 in attorney fees and expenses of litigation pursuant to the lease, and $1 for attorney fees for stubborn litigiousness and bad faith. The jury found in favor of BJL Enterprises and against Winters for fraudulent conveyance in the amount of $103,954, and $1 for attorney fees for stubborn litigiousness and bad faith.
> Level One and Winters appeal, alleging (1) the trial court erred in denying their motions for directed verdict because BJL Enterprises lacked standing to pursue its claims and because the lease was terminated; (2) the trial

---

[1] (Citations and punctuation omitted.) *Koncul Enterprises v. Fleet Finance*, 279 Ga. App. 39 (630 SE2d 567) (2006).

[2] *Level One Contact v. BJL Enterprises*, 305 Ga. App. 78 (699 SE2d 89) (2010) (Past due rent was awarded through the date of the trial in June 2009.).

court erred in failing to let them challenge the attorney fees evidence proffered by BJL Enterprises; (3) the trial court erred in failing to reduce the amount of attorney fees awarded against Level One as required by statute; and (4) the trial court erred in awarding pre-trial discovery sanctions to BJL Enterprises based on a finding that Level One and Winters withheld documents during discovery. We reverse the trial court's judgment with respect to the attorney fees awarded pursuant to the lease because the amount is limited by statute. However, we affirm the trial court's order and judgment on all other issues.[3]

As found by the court below in this litigation:

Prior to the conclusion of BJL 1,[4] [BJL] filed a virtually identical second lawsuit (the instant action or "BJL 2") against Level One and Samuel Winters ("Samuel"). The primary distinction is that [BJL] added as defendants Janet Winters ("Janet") [Samuel's wife] and Jeffrey Winters ("Jeffrey") [Samuel and Janet's son]. In BJL 2, [BJL] has again brought claims for Breach of Contract (Count I), Fraudulent Conveyance (Count II), "Stubborn Litigiousness and Bad Faith," (Count III), and Punitive Damages (Count IV), and Breach of Fiduciary Duty (Count V). Plaintiff [has] also brought a new claim seeking the imposition of a Constructive Trust against Janet and Samuel's residence (Count VI) . . . .

Before the Court is Defendants' Motion for Partial Summary Judgment. Defendants contend that summary judgment is proper because: (1) none of the individual Defendants can be liable on [BJL's] breach of contract claim; (2) the doctrines of res judicata and collateral estoppel bar relitigation of [BJL's] fraudulent conveyance claim; (3) [BJL's] breach of fiduciary duty claim fails as a matter of law; and (4) [BJL] is not entitled to equitable relief in the form of a constructive trust because it has an adequate remedy at law.

Because the trial court's thorough and well-reasoned order fully explains the judgment entered and no reversible error of law appears, the trial court's order is hereby adopted as the opinion of this court on all enumerations of error raised by BJL, except

---

[3] Id. at 79.
[4] Id.

enumerations C and E.

The argument made in enumeration C was not raised below. "[An] appellate court will not consider an issue raised for the first time on appeal, because the trial court has not had the opportunity to consider it."[5]

In enumeration E, BJL points out that the conclusion of the trial court's order states in paragraph 2 that the trial court grants appellees' motion for partial summary judgment on "Plaintiff's Fraudulent Conveyance (Count II), 'Stubborn Litigiousness and Bad Faith' (Count III), and Punitive Damages (Count IV) claims against Samuel J. Winters and *Jeffrey* Winters[.]" (Emphasis supplied.) Appellees concede that the conclusion should have reflected that Janet was the appropriate party, not Jeffrey.[6] The substantive portion of the trial court's order clearly reflects that Janet is the appropriate party. Appellees filed a Motion to Correct Clerical Error in the trial court on July 5, 2011. Although the trial court entered an order correcting this error on July 13, 2011 at 3:52 p.m., BJL's notice of appeal was filed at 2:05 p.m. that day, divesting the trial court of jurisdiction in this matter.[7]

Therefore, the judgment of the trial court is affirmed in all respects, save for our reversing it for correction of the scrivener's error contained therein.

2. Under the circumstances and given the clear state of the law, BJL's attorney could not reasonably have believed that this appeal would result in a reversal of the trial court's decision. Appellees' motion to assess a penalty for frivolous appeal is denied.

*Judgment affirmed in part and reversed in part. Dillard and Boggs, JJ., concur.*

DECIDED FEBRUARY 8, 2012.

*John W. Mrosek*, for appellant.
*Gibson, Deal, Fletcher & Dunham, John W. Gibson, Michael R. Dunham*, for appellees.

---

[5] (Citation and punctuation omitted.) *Thompson v. Princell*, 304 Ga. App. 256, 259 (a) (696 SE2d 91) (2010).

[6] No motion for partial summary judgment was made by Jeffrey below.

[7] *Aetna Cas. &c. Co. v. Bullington*, 227 Ga. 485 (1) (181 SE2d 495) (1971); *Mason v. Chateau Communities*, 280 Ga. App. 106 (1) (633 SE2d 426) (2006).